IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 02- CR-00161-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

POLICARPIO OCHOA,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on September 15, 2006. Neither the government nor the defendant presented any evidence on the issue of detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Second Superceding Indictment with possession with intent to distribute a schedule II controlled substance to wit: methamphetamine and conspiracy in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(viii), 8461344. Based upon the Indictment probable cause exists that the defendant committed the charged offenses.

Second, I find that the presumption of detention applies under the Bail Reform Act in this case based upon the charges brought in the Second Superceding Indictment. Defendant has failed to produce any evidence to rebut this presumption. Moreover, the defendant has previously failed to appear before this court on April 1, 2003. A bench warrant was issued for defendant's arrest on April 2, 2003. Defendant has been a fugitive from justice since April 2, 2003, until his recent arrest. Defendant appears to be illegally in the United States. The pretrial release report done in the District of Arizona indicates that defendant was issued a work permit by the INS (n/k/a BICE) in May 2001 for one year. Accordingly, such work permit would have expired in May 2002.

Based upon these findings, I find, by a clear and convincing evidence, that the defendant is a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure the appearance of the defendant or the safety of the community. Accordingly, I order that the defendant be detained without bond.

        Done this 15th day of September 2006.

BY THE COURT

<u>S/Michael J. Watanabe</u>
Michael J. Watanabe
U.S. Magistrate Judge